**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**READING DIVISION**

| | |
|---|---|
| **In re:**<br><br>TOMMY TAM,<br><br>Debtor | **Chapter 13 Bankruptcy**<br><br>**Bankruptcy No. 17-17147 REF** |

**THIRD AMENDED CHAPTER 13 PLAN**

☐  Original
☒  3rd Amended

Date:  December 15, 2018

**THE DEBTOR HAS FILED FOR RELIEF UNDER**
**CHAPTER 13 OF THE BANKRUPTCY CODE**

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A WRITTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015-5.  **This Plan may be confirmed and become binding, unless a written objection is filed.**

**IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU**
**MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE**
**NOTICE OF MEETING OF CREDITORS.**

## Part 1: Bankruptcy Rule 3015.1 Disclosures

☒ Plan contains non-standard or additional provisions – see Part 9

## Part 2: Payment and Length of Plan

### § 2(a)(2) Amended Plan:

**Total Base** Amount to be paid to the Chapter 13 Trustee ("Trustee") $43,810.00

The Plan payments by Debtor shall consists of the following:

| Plan Funding | |
|---|---:|
| Paid to date | 3,000.00 |
| $350.00 per month from and including December 21, 2018 through and including April 21, 2019 (5 months) for a total of $1,750.00 | 1,750.00 |
| $930.00 per month from and including May 21, 2019 through and including October 21, 2022 (42 months), for a total of 39,060.00 | 39,060.00 |
| **Total Plan funding** | 43,810.00 |

## Part 3: Priority Claims (Including Administration Expenses & Debtor's Counsel Fees)

**§ 3(a) Except as provided in § 3(b) below, all allowed priority claims will be paid in full unless the creditor agrees otherwise:**

| Creditor | Type of Priority | Estimated Amount to be Paid |
|---|---|---|
| Hartman, Valeriano, Magovern & Lutz, P.C. | Administrative | Attorney's fees as approved by the Court |
| Internal Revenue Service Proof of Claim No. 9 | Taxes (Priority portion)  Withholding Trust Fund Taxes | $3,710.92 |
| Pennsylvania Department of Revenue Proof of Claim No. 6 | Taxes (Priority portion)  2015 Individual Income Tax ($899.12)  and  2011 3rd Quarter Sales Taxes ($2.66) | $901.78 |

**§ 3(b) Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount.**

☒ **None.** If "None" is checked, the rest of § 3(b) need not be completed.

# Part 4: Secured Claims

### § 4(a) Curing Default and Maintaining Payments

☐ **None.** If "None" is checked, the rest of § 4(a) need not be completed.

The Trustee shall distribute an amount sufficient to pay allowed claims for prepetition arrearages; and, Debtor shall pay directly to creditor monthly obligations falling due after the bankruptcy filing.

| Creditor | Description of Secured Property and Address, if real property | Regular Monthly Payment to be paid directly to creditor by Debtor | Estimated Arrearage | Interest Rate on Arrearage, if applicable | Amount to be Paid to Creditor by the Trustee |
|---|---|---|---|---|---|
| HSBC Bank USA, National Association (Wells Fargo Bank, Trustee)<br><br>1st mortgage on residential real estate<br><br>Proof of Claim No. 2 | Residential real estate | $1,002.00 | $642.35 | Not Applicable | $642.35 |
| Ally Financial<br><br>Proof of Claim No. 1 | 2009 Mercedes S-550 | $588.00 | $612.26 | Not Applicable | $612.26 |

**§ 4(b) Allowed Secured Claims to be Paid in Full: Based on Proof of Claim or Pre-Confirmation Determination of the Amount, Extent or Validity of the Claim**

☐ **None.** If "None" is checked, the rest of § 4(b) need not be completed.

(1) Allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2) If necessary, a motion, objection and/or adversary proceeding, as appropriate, will be filed to determine the amount, extent or validity of the allowed secured claim and the court will make its determination prior to the confirmation hearing.

(3) Any amounts determined to be allowed unsecured claims will be treated either: (A) as a general unsecured claim under Part 5 of the Plan or (B) as a priority claim under Part 3, as determined by the court.

(4) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below. If the claimant included a different interest rate or amount for "present value" interest in its proof of claim, the court will determine the present value interest rate and amount at the confirmation hearing.

(5) Upon completion of the Plan, payments made under this section satisfy the allowed secured claim and release the corresponding lien.

| Name of Creditor | Description of Secured Property and Address, if real property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Total Amount to be paid |
|---|---|---|---|---|---|
| Internal Revenue Service<br><br>Proof of Claim No. 9<br><br>Withholding Trust Fund Taxes | Residential real estate (Subject to recorded tax lien) | $11,285.00 | Not Applicable | Not Applicable | $11,285.00 |
| Pennsylvania Department of Revenue Proof of Claim No. 6<br><br>Sales taxes for February through July, 2011 and September, 2011 | Residential real estate (Subject to recorded tax lien) | $5,578.84 | Not Applicable | Not Applicable | $5,578.84 |
| VW Credit Leasing<br><br>Proof of Claim No. 5 | Leasehold interest in the 2017 VW Jetta Sedan<br><br>(This vehicle is driven by and paid for by the Debtor's daughter.) | 0.00 (The lease is current) | Not Applicable | Not Applicable | 0.00 (The lease is current) |

**§ 4(c) Allowed secured claims to be paid in full that are excluded from 11 U.S.C. § 506**

☒ **None.** If "None" is checked, the rest of § 4(c) need not be completed.

**§ 4(d) Surrender**

☐ **None.** If "None" is checked, the rest of § 4(d) need not be completed.

(1) Debtor elects to surrender the secured property listed below that secures the creditor's claim.

(2) The automatic stay under 11 U.S.C. § 362(a) with respect to the secured property terminates upon confirmation of the Plan.

(3) The Trustee shall make no payments to the creditors listed below on their secured claims.

| Creditor | Secured Property |
|---|---|
| VW Credit Leasing | Leasehold interest in 2014 VW Jetta Sedan |
| Proof of Claim No. 4 | (This vehicle has been returned to the claimant.) |

## Part 5: Unsecured Claims

### § 5(a) Specifically Classified Allowed Unsecured Non-Priority Claims

☒ **None.** If "None" is checked, the rest of § 5(a) need not be completed.

### § 5(b) All Other Timely Filed, Allowed General Unsecured Claims

(1) Liquidation Test (check one box)

☒ All Debtor(s) property is claimed as exempt.

(2) Funding: § 5(b) claims to be paid as follows (check one box):

☒ Pro rata

☐ 100%

☐ Other (Describe)

## Part 6: Executory Contracts & Unexpired Leases

☒ **None.** If "None" is checked, the rest of § 6 need not be completed.

# Part 7: Other Provisions

**§ 7(a) General Principles Applicable to The Plan**

(1) Vesting of Property of the Estate (check one box)
☒ Upon confirmation
☐ Upon discharge

(2) Unless otherwise ordered by the court, the amount of a creditor's claim listed in its proof of claim controls over any contrary amounts listed in Parts 3, 4 or 5 of the Plan.

(3) Post-petition contractual payments under § 1322(b)(5) and adequate protection payments under § 1326(a)(1)(B),(C) shall be disbursed to the creditors by the Debtor directly. All other disbursements to creditors shall be made by the Trustee.

(4) If Debtor is successful in obtaining a recovery in a personal injury or other litigation in which Debtor is the plaintiff, before the completion of plan payments, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special Plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtor and the Trustee and approved by the court.

**§ 7(b) Affirmative Duties on Holders of Claims secured by a Security Interest in Debtor's Principal Residence**

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.

(2) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.

(3) Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or default(s). Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

(4) If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.

(5) If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post-petition coupon book(s) to the Debtor after this case has been filed.

**(6) Debtor waives any violation of stay claim arising from the sending of statements and coupon books as set forth above.**

**§ 7(c) Sale of Real Property**

☒ **None.** If "None" is checked, the rest of § 7(c) need not be completed.

**§ 7(d) Loan Modification**

☒**None**. If "None" is checked, the rest of § 7(d) need not be completed.

# Part 8: Order of Distribution

**The order of distribution of Plan payments will be as follows:**

Level 1: Trustee Commissions*
Level 2: Domestic Support Obligations
Level 3: Adequate Protection Payments
Level 4: Debtor's attorney's fees
Level 5: Priority claims, pro rata
Level 6: Secured claims, pro rata
Level 7: Specially classified unsecured claims
Level 8: General unsecured claims
Level 9: Untimely filed, allowed general unsecured claims

*Percentage fees payable to the standing trustee will be paid at the rate fixed by the United States Trustee not to exceed ten (10) percent.*

# Part 9: Non Standard or Additional Plan Provisions

The Debtor and BM Manager, Inc. have entered into a Stipulation to resolve the Motion to Avoid Judgment Lien of BM Manager, Inc. The Stipulation, if approved by the Court, will provide that:

1. Proof of Claim No. 8 will be adequately provide for by this Second Amended Chapter 13 Plan if the sum of $10,000.00 is paid by the Chapter 13 Trustee toward that claim as a secured claim.

2. The balance of Proof of Claim No. 8 will be allowed as a general unsecured claim.

3. BM Manager, Inc. has also filed Proof of Claim No. 7 as unsecured. Proof of Claim No. 7 will be allowed as filed, and will be paid pro rate as a general unsecured claim.

# Part 10: Signatures

Under Bankruptcy Rule 3015(c), nonstandard or additional plan provisions are required to be set forth in Part 9 of the Plan. Such Plan provisions will be effective only if the applicable box in Part 1 of this Plan is checked. Any nonstandard or additional provisions set out other than in Part 9 of the Plan are VOID. By signing

below, attorney for Debtor(s) or unrepresented Debtor(s) certifies that this Plan contains no nonstandard or additional provisions other than those in Part 9 of the Plan.

**Date:**   December 15, 2018

**Respectfully submitted,**

**Hartman, Valeriano, Magovern & Lutz, PC**

**by:**    /s/ George M. Lutz

_____
**George M. Lutz, Esquire**
**1100 Berkshire Boulevard, Suite 301**
**Wyomissing, PA  19610**
**Pa. Attorney ID No.: 46437**