UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA
READING DIVISION

| In Re:<br><br>TOMMY TAM,<br><br>Debtor | Chapter 13 Bankruptcy<br><br>Bankruptcy No. 17-17147 REF<br><br>Hearing scheduled for August 9, 2018, at 9:30 am, in Courtroom No. 1, The Madison Building, 400 Washington Street, Reading, Pennsylvania. |
|---|---|

**STIPULATION TO RESOLVE DEBTOR'S MOTION TO AVOID JUDGMENT LIEN OF BM MANAGER, INC.**

Debtor, by and through his counsel, George M. Lutz, Esquire and Hartman, Valeriano, Magovern & Lutz, P.C., and BM Manager, Inc., by and through its attorney, Daniel S. Siedman, Esquire and Ciardi Ciardi & Astin hereby files this Stipulation to Resolve Motion to Avoid Judgment Lien of BM Manager, Inc., and in support thereof set forth as follows:

## BACKGROUND

Tommy Tam is the Debtor in the above-captioned bankruptcy proceeding. BM Manager, Inc. trading as Berkshire Mall LP successor by conversion to Berkshire Mall, LLC ("Lienor"), is a creditor of the Debtor.

On October 21, 2017, the Debtor filed a Voluntary Petition under Chapter 13 of the United States Bankruptcy Code, said Petition being docketed as captioned above.

Prior to the date of filing of the bankruptcy proceeding, the Lienor obtained a judgment ("Judgment") against the Debtor in the Court of Common Pleas of Berks County, Pennsylvania. The judgment was obtained by the filing of a Confession of Judgment on June 21, 2017 with the Prothonotary of Berks County. The judgment is docketed to No. 2017-13927, and constitutes, may constitute, or may be considered to constitute a lien or an inchoate lien on the residential real estate owned by the Debtor in said county ("Judgment Lien"), located at 1608 West Leesport Road, Leesport, PA 19533 ("Residence").

On July 9, 2018, the Debtor filed a Motion to Avoid Lien, seeking to avoid the Judgment Lien as impairing the Debtor's exemptions under 11 U.S.C. 522. The Lienor has not filed a response to the Motion to Avoid Lien, but Debtor's counsel and Lienor's counsel have agreed that pending the resolution of the Motion to Avoid Lien, no response is necessary.

The Lienor and the Debtor have obtained appraisals of the Residence, and said appraisals indicate differing valuations of the Residence.

In order to avoid the costs and uncertainty of litigation, the Debtor and the Lienor hereby stipulate as follows:

## STIPULATION

1. Within ten days of the date of the approval of this Stipulation by the Court, the Debtor will file an amended Chapter 13 Plan that provides for the payment of $10,000.00 to the Lienor through the Plan.

2. Upon the issuance of the discharge by the Court in the instant bankruptcy proceeding and any and all payments are made to the Lienor, the Lienor will mark the Judgment "Satisfied" by filing the appropriate documentation with the Prothonotary of Berks County.

3. If the instant bankruptcy proceeding is dismissed and/or converted, this Stipulation will be null and void.

4. The Lienor has filed Proof of Claim No. 8, a secured claim. The Lienor hereby consents to payment of Proof of Claim No. 8 in the amount of $10,000.00 as adequate treatment of said Proof of Claim in the Chapter 13 Plan.

5. The Lienor has also filed Proof of Claim No. 7, an unsecured claim. This claim shall remain in effect to the extent that there is any distribution as to general unsecured claims.

Dated: December 6, 2018

Respectfully submitted,

**Hartman, Valeriano, Magovern & Lutz, PC**

by:    /s/ George M. Lutz
_____
George M. Lutz, Esquire
1100 Berkshire Boulevard, Suite 301
Wyomissing, PA 19610
Pa. Attorney ID No.: 46437
Attorneys for Debtor

**Ciardi Ciardi & Astin**

by:    /s/ Daniel S. Siedman
_____
Daniel S. Siedman, Esquire
One Commerce Square
2005 Market Street, Suite 3500
Philadelphia, PA 19103
Attorneys for BM Manager, Inc.

The Chapter 13 Trustee has no objection to the above Stipulation.

_____ for
William C. Miller, Esquire
2901 St. Lawrence Avenue
P.O. Box 4010
Reading, PA 19606

AND NOW, THIS _____ day of _____, 2018, the above Stipulation between the Debtor and BM Manager, Inc. is APPROVED.

BY THE COURT

_____
Richard E. Fehling
Chief United States Bankruptcy Judge