IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Tommy Tam fdba Original Philly Steaks fdba Country Fair Fries & Dogs fdba Country Fair Original Philly Steaks fdba Turkey and Salad Sensations aka Wai Chiu Tam fdba Philly Steaks<br>Debtor | CHAPTER 13 |
| Specialized Loan Servicing LLC as servicer for HSBC Bank USA, National Association as Trustee for Nomura Asset Acceptance Corporation, Alternative Loan Trust, series 2006-WF1 Mortgage Pass-Through Certificates<br>Movant<br>vs. | NO. 17-17147 ELF<br><br>11 U.S.C. Section 362 |
| Tommy Tam fdba Original Philly Steaks fdba Country Fair Fries & Dogs fdba Country Fair Original Philly Steaks fdba Turkey and Salad Sensations aka Wai Chiu Tam fdba Philly Steaks<br>Debtor | |
| Scott F. Waterman, Esquire<br>Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$3,534.03,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | August 2019 to October 2019 at $1,618.01/month |
| Suspense Balance: | $1,320.00 |
| **Total Post-Petition Arrears** | **$3,534.03** |

2. The Debtor(s) shall cure said arrearages in the following manner;

a). Beginning on November 1, 2019 and continuing through April 1, 2020, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$1,618.01** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$589.01 from November 2019 to March 2020 and $588.98 for April 2020** towards the arrearages on or before the last day of each month at the address below;

WELLS FARGO BANK, N.A.
DEFAULT DOCUMENT PROCESSING
N9286-01Y
1000 BLUE GENTIAN ROAD
EAGAN, MN 55121-7700

        b).    Maintenance of current monthly mortgage payments to the Movant thereafter.

        3.    Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

        4.    In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

        5.    The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

        6.    If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

        7.    If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

        8.    The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

        9.    The parties agree that a facsimile signature shall be considered an original signature.

Date:   October 11, 2019                                      By: */s/ Kevin G. McDonald, Esquire*
                                                                                   Attorney for Movant

Date: October 24, 2019

_____
George M. Lutz, Esquire
Attorney for Debtor

Date: 11/6/19

_____
Scott F. Waterman, Esquire
Chapter 13 Trustee

Approved by the Court this 14th day of November, 2019. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank